CARPENTER, D.B.A. CARPENTER RADIO COMPANY, APPELLANT, *v.* LIMBACH, TAX COMMR., ET AL., APPELLEES.

[Cite as Carpenter *v.* Limbach (1985), 17 Ohio St. 3d 39.]

(No. 84-1107—Decided April 24, 1985.)

*Diana G. Dulebohn,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

*Per Curiam.* R.C. 5739.01(E)(2) exempts from the Ohio sales tax, sales in which the purpose of the consumer is:

"* * * to use or consume the thing transferred * * * directly in the rendition of a public utility service * * *."

R.C. 5739.01(P)[1] provides:

" 'Used directly in the rendition of a public utility service' means that property which is to be incorporated into and will become a part of the consumer's production, transmission, transportation, or distribution system and which retains its classification as tangible personal property after such incorporation; fuel or power used in the production, transmission, transportation, or distribution; and tangible personal property used in the repair and maintenance of the production, transmission, transportation, or distribution system, *including only such motor vehicles as are specially designed and equipped for such use.*" (Emphasis added.)

The Board of Tax Appeals essentially made a factual determination

---

[1] At the time of the assessment herein the provisions of R.C. 5739.01(P) were codified at R.C. 5739.01(Q).

that the installation of the 110-volt converter and the removal of the rear seat of the automobile were inadequate to render the automobile "specially designed and equipped" for purposes of R.C. 5739.01(P).

Appellant's reliance on *Athens Home Tel. Co.* v. *Peck* (1953), 158 Ohio St. 557 [47 O.O. 474], and *Cleveland Elec. Illum. Co.* v. *Lindley* (1982), 69 Ohio St. 2d 71 [23 O.O.3d 118], is misplaced. Neither of those cases construed the specific statutory limitation that the service and maintenance exemption applies to "only such motor vehicles as are specially designed and equipped for such use," which is controlling in this case.

In reviewing decisions of the board, this court has repeatedly stated that it is not a trier of fact *de novo*, but that it is confined to its statutorily delineated duties (R.C. 5717.04) of determining whether the board's decision is "reasonable and lawful." *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53 [54 O.O.2d 191]; *Buckeye Power* v. *Kosydar* (1973), 35 Ohio St. 2d 135; *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13 [73 O.O.2d 83]; *Conalco* v. *Bd. of Revision* (1978), 54 Ohio St. 2d 330 [8 O.O.3d 323]; *Alcoa* v. *Kosydar* (1978), 54 Ohio St. 2d 477 [8 O.O.3d 459]; *Episcopal Parish* v. *Kinney* (1979), 58 Ohio St. 2d 199, 201 [12 O.O.3d 197]; *Operation Evangelize* v. *Kinney* (1982), 69 Ohio St. 2d 346, 347 [23 O.O.3d 315].

The decision of the board being neither unreasonable nor unlawful is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., O'NEILL, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting for SWEENEY, J.