[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 462.]

COLUMBIA GAS OF OHIO, INC., APPELLEE AND CROSS-APPELLANT, *v.*
LIMBACH, TAX COMMR., APPELLANT AND CROSS-APPELLEE.

[Cite as *Columbia Gas of Ohio, Inc. v. Limbach*, 1994-Ohio-535.]

*Taxation—Public utilities—Sales tax—Motor vehicles excepted from tax, when—R.C. 5739.01(E) and 5739.01(P), applied—Advertising services purchases taxable when an element of tangible personal property is involved—R.C. 5739.13 mandates imposition of a penalty in the event of an assessment—Tax Commissioner has full discretion to partially remit any statutory penalty assessed under R.C. 5739.13.*

(No. 92-2447—Submitted October 28, 1993—Decided June 22, 1994.)

APPEAL and CROSS-APPEAL from the Board of Tax Appeals, No. 88-G-828.

————————————

{¶ 1} During the audit period, Columbia Gas of Ohio, Inc. ("Columbia"), in conducting its gas utility business in Ohio, purchased or leased standard model vans and pickup trucks which, it contends, it specially designed and equipped for use in the repair and maintenance of its natural gas transmission system. It also incurred costs for repair of the vehicles. In addition, Columbia purchased radio, television and newspaper advertisement advice, and other services and material from its advertising agency, Lord, Sullivan & Yoder ("LS&Y").

{¶ 2} Columbia paid a portion of the Tax Commissioner's sales and use taxes assessment on these transactions and contested the balance of the assessment by a petition for reassessment.

{¶ 3} The commissioner found that the motor vehicles were not used directly in repair and maintenance of Columbia's natural gas transmission system and were not specially designed and equipped for such use. The commissioner also rejected Columbia's claim that the purchases of advertising advice and material

were excepted from taxation, because the transactions involved the transfer of tangible personal property. However, the commissioner reduced the fifteen percent statutory penalty to five percent.

{¶ 4} On appeal the Board of Tax Appeals ("BTA") excepted, as used directly in the rendition of a public utility service, only eleven of the one hundred seventy motor vehicles in dispute. According to the BTA, these eleven vehicles were specially designed and equipped, and were used directly in the repair and maintenance of Columbia's transmission system. As to the remaining one hundred fifty-nine motor vehicles, the BTA refused to "speculate as to what percentage of the remaining trucks" qualified for exception. Thus, the BTA found that Columbia had failed to present evidence to sustain its burden of proof.

{¶ 5} The BTA reversed the commissioner's denial of Columbia's claim for exception of advertising costs as to some separately stated service charges. It affirmed the rest of the denial because the "remaining charges all involve an element of tangible personal property" being transferred.

{¶ 6} Finally, the BTA affirmed the commissioner's refusal to forgive the penalty because "appellant has failed to show any abuse of discretion by the Tax Commissioner in declining to remit the entire penalty."

{¶ 7} The cause is now before this court as an appeal and cross-appeal as of right.

_____

*Allan E. Roth* and *Theodore J. Gallagher*, for appellee and cross-appellant.

*Lee Fisher*, Attorney General and *Barton A. Hubbard*, Assistant Attorney General, for appellant and cross-appellee.

_____

**Per Curiam.**

The decision of the BTA is affirmed in part and reversed in part.

I

{¶ 8} As to the motor vehicle issue, the decision of the BTA is affirmed. The commisioner contends that the BTA erred in excepting the eleven motor vehicles from tax, while Columbia says the BTA erred in not excepting another fifty-nine vehicles.

{¶ 9} R.C. 5739.01 (E), as pertinent, provides:

"'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"* * *

"(2) To * * * use or consume the thing transferred * * * directly in the rendition of a public utility service * * *."

{¶ 10} R.C. 5739.01 (P) provides:

"'Used directly in the rendition of a public utility service' means * * * used in the repair and maintenance of the production, transmission, transportation or distribution system, including only such motor vehicles as are specially designed and equipped for such use."

{¶ 11} *E. Ohio Gas Co. v. Limbach* (1991), 61 Ohio St.3d 363, at 365, 575 N.E.2d 132, at 134, sets forth the test for exception of motor vehicles used in the rendition of public utility services under R.C. 5739.01(E) and 5739.01(P):

"The statute requires that the motor vehicles, to be excepted from taxation, be *both* specially equipped and specially designed. Nothing in the statute requires, however, that the motor vehicles be specially equipped and designed *by the vendor*. Thus, the purchaser is entitled to make the modifications." (Emphasis *sic.*)

{¶ 12} The BTA is responsible for determining questions of fact, and unless the determination is unreasonable or unlawful, it must be affirmed by this court upon review. *SFZ Transp., Inc. v. Limbach* (1993), 66 Ohio St.3d 602, 604, 613 N.E.2d. 1037, 1039. As to this issue, we agree with the BTA's analysis of the evidence and find its decision is reasonable and lawful. Therefore, it is affirmed.

II

{¶ 13} As to the advertising issue, the decision of the BTA is unreasonable and unlawful and the cause is remanded to the BTA for reconsideration in conformity with this opinion.

{¶ 14} Columbia claims the advertising services purchases were purchases of nontaxable personal services. The BTA found some separately invoiced services to be excepted and found that "[t]he remaining charges all involve an element of tangible personal property, being transferred, incapable of distinction or separation for value purposes."

{¶ 15} *Emery Industries, Inc. v. Limbach* (1989), 43 Ohio St. 3d 134, 539 N.E. 2d 608, is dispositive of the advertising issue and the BTA's failure to apply the appropriate test from *Emery* is unreasonable and unlawful.

{¶ 16} The record discloses that the purchases in question involved an element of tangible personal property. Such transactions may be taxed. *Id.*, paragraph three of the syllabus.

{¶ 17} Paragraph four of the syllabus of *Emery*, states:

"In a professional, insurance, or personal service transaction in which the charge for the services is not separated from the charge for the property, if the overriding purpose of the purchaser is to obtain tangible personal property produced by the service, the transfer of the property is a consequential element of the transaction and the entire transaction is taxable. If the purchaser's overriding purpose is to receive the service, the transfer of the personal property is an inconsequential element of the transaction, and the entire transaction is not taxable."

{¶ 18} The BTA did not determine whether the transfer of personal property by LS&Y was a consequential element of the advertising purchases by Columbia. The failure of the BTA to decide this question is unreasonable and unlawful, and

4

the decision as to this issue is reversed and the cause is remanded to the BTA for further consideration in conformity with this opinion.

### III

{¶ 19} As to the penalty issue, the BTA's decision affirming the commissioner's refusal to reduce the statutory penalty below five percent was neither unreasonable nor unlawful, and it is affirmed.

{¶ 20} We said in *Jennings & Churella Constr. Co. v. Lindley* (1984), 10 Ohio St.3d 67, 70-71, 10 OBR 357, 359-360, 461 N.E. 2d 897, 900:

"R.C. 5739.13 mandates the imposition of a penalty in the event of an assessment. Remission of the penalty is discretionary. * * *

"Appellate review of this discretionary power is limited to a determination of whether an *abuse* has occurred. * * *

"* * * R.C. 5739.13 places no constraints on the *degree* of the remission permitted. Rather, the Tax Commissioner has full discretion to partially remit any statutory penalty assessed under R.C. 5739.13." (Emphasis *sic.*)

{¶ 21} The decision of the BTA is affirmed in part, reversed in part, and the cause is remanded.

*Decision affirmed in part,*

*reversed in part,*

*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

—————————————