OHIO STATE BOXING COMMISSION, Appellee,

v.

ADORE, LTD. et al., Appellants.

[Cite as *Ohio State Boxing Comm. v. Adore, Ltd.* (1996), 110 Ohio App.3d 288.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17439.

Decided April 10, 1996.

See also 1996 WL 339927.

*Betty D. Montgomery,* Attorney General, and *Nancy Rogoff,* Assistant Attorney General, for appellee.

*Terrence Lyden,* for appellants.

---

SLABY, Judge.

Adore, Ltd. ("Adore") appeals from summary judgment entered in favor of the Ohio State Boxing Commission ("the commission"). We affirm.

The facts are not in dispute. Adore, a Michigan corporation, promotes "Toughman Contests" in several states. In a "Toughman Contest," the contestants,[1] who have no prior professional boxing experience, punch and kick each other for up to three one-minute rounds. They wear boxing gloves and other protective equipment such as headgear and foot protectors. The contest is a single elimination tournament, with prizes as high as $1,000.

Adore planned and advertised a "Toughman Contest" that was to take place at a Cuyahoga Falls location. It did not obtain a license from the commission. The commission filed for an injunction prohibiting Adore from holding the contest.

---

1. One news clipping attached to the commission's complaint states that the contestants go by such names as "Killer," "Psycho," "Stomper," and "The Cobra."

The trial court granted a temporary restraining order, which was later vacated at the parties' request. Both sides moved for summary judgment; the trial court granted the commission's motion.

Adore appeals, assigning two errors; we consider these assigned errors together:

I. "The lower court erred in holding that a 'Toughman Contest' is a 'prize fight,' 'boxing match' or 'exhibition' as set forth in Ohio Revised Code § 3773.32, thus subject to the auspices of the Ohio State Boxing Commission."

II. "R.C. § 3773.32 applies only to boxing and 'kickboxing' is not encompassed in the definition of 'boxing,' under this statute."

In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. *Cooperider v. Peterseim* (1995), 103 Ohio App.3d 476, 478, 659 N.E.2d 882, 884. Summary judgment under Civ.R. 56(C) is proper if "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192; see, also, *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Because only legal questions exist, no special deference is to be afforded the trial court upon review of an entry of summary judgment. *Tyler v. Kelley* (1994), 98 Ohio App.3d 444, 446, 648 N.E.2d 881, 882.

R.C. 3773.32 states:

"No person shall promote, sponsor, or conduct any prize fight or public boxing match or exhibition unless such person is licensed under section 3773.36, secures a permit to conduct the match or exhibition under section 3773.38, and otherwise complies with sections 3773.31 to 3773.57 of the Revised Code."

Adore argues that its "Toughman Contest" is not a "prize fight" or a "boxing match or exhibition" under the statute. It analogizes the contest to kick boxing, which, it argues, is distinct from boxing. It contends that it should not be required to comply with R.C. Chapter 3773.[2]

The Ohio Revised Code does not define "prize fight," "boxing," or "kick boxing." Therefore, we must read these words in their context and construe them according to their common use and rules of grammar. R.C. 1.42; *State ex*

---

2. Perhaps the most significant mandate of this chapter is R.C. 3773.54's requirement that the commission receive five percent of the gross proceeds.

*rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 30, 641 N.E.2d 188, 193. We cannot ignore the words used by the statute, nor may we add words intended to reach a desired result. *E. Ohio Gas Co. v. Limbach* (1991), 61 Ohio St.3d 363, 365, 575 N.E.2d 132, 133–134.

"Boxing" is defined as "[t]he sport of fighting with the fists." American Heritage Dictionary of the English Language (1981) 158. A "prize fight" is a "match fought between professional boxers for money." *Id.* at 1042. "Kick boxing" has been defined as a "form of boxing incorporating elements of karate, esp. kicking with bare feet." The New Shorter Oxford English Dictionary (1993) 1485.

No Ohio appellate courts have considered whether the "Toughman Contest" is a boxing match or a prize fight. The only Ohio case that is substantively relevant to the case *sub judice* is *Seville v. State* (1892), 49 Ohio St. 117, 30 N.E. 621. In *Seville*, which concerned a criminal sanction for engaging in a prize fight, the court noted that the term "prize fight" has no technical legal meaning. *Id.* at 131, 30 N.E. at 622. One of the defendant's arguments was that the lower court should have admitted evidence that the fight was actually conducted under the rules of a "glove contest." The court rejected this argument, stating that the name given to the contest by its participants or by its rules was not determinative of whether the contest was a prize fight. *Id.* at 136, 30 N.E. at 624.

The trial court found that the "Toughman Contest" constitutes a "prize fight" and a "boxing match or exhibition." We agree. Boxers hit each other with their fists, which are covered with padded gloves, while they move around a boxing ring. A referee, panel of judges, and timekeeper supervise a boxing match. The activity continues for a number of predetermined rounds or until a winner is declared. All of these facts are also true of the "Toughman Contest." Although contest participants wear additional protective equipment and may kick each other, these additional elements do not sufficiently distinguish the contests from boxing for purposes of the statute. As for Adore's argument that "Toughman Contests" are analogous to kick boxing, we note that the term "kick boxing" is defined as a "form of boxing." Moreover, calling the contest "kick boxing" or a "Toughman Contest" does not remove it from the scope of R.C. 3773.32. The trial court, therefore, did not err by granting summary judgment for the commission.

Adore's first and second assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.