OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Sandusky County Court of Common Pleas and is an administrative appeal brought pursuant to R.C.119.12, 3737.91 and 3737.92. Prior to a discussion of the facts of this case, a recitation of the controlling statutes and applicable portions of the Ohio Administrative Code is necessary.
In July 1989, the Ohio General Assembly enacted R.C.3737.90 through R.C. 3737.99 for the purpose of protecting Ohio's water resources and reducing pollution. The legislature established the petroleum underground storage tank financial assurance fund ("Fund") to reimburse owners and operators of underground storage tanks for the costs of corrective actions needed due to the release of petroleum into the environment and to compensate third parties for personal or property injury resulting from this event. State ex rel. Petroleum Underground Storage Tank ReleaseCompensation Board v. Withrow (1991), 62 Ohio St.3d 111, 112. R.C.3737.90 created appellant, The Petroleum Underground Storage Tank Release Compensation Board ("Board"), to, inter alia, administer the Fund, as well as to oversee a loan program developed for the purpose of replacing and rehabilitating tanks and tank storage systems. See R.C. 3737.95, et seq.
Pursuant to R.C. 3737.90(B)(2), the Board has the power to:
 "[i]n accordance with Chapter 119. of the Revised Code, adopt, amend, and rescind such other rules as are necessary or appropriate to implement and administer sections 3737.90 to 3737.98 of the Revised Code, including, without limitation, rules for the administration of the petroleum underground storage tank linked deposit program established under sections 3737.95 to 3737.98 of the Revised Code; rules establishing priorities for the payment of claims under section 3737.92 of the Revised Code on the petroleum underground storage tank financial assurance fund created in section 3737.91 of the Revised Code based upon a consideration of the date that a claim is originally filed and the threat posed to human health and the environment by the release to which the claim applies; and rules providing for the payment of any such claims in installments, when appropriate."
In order to even file a claim for payment or reimbursement from the Fund for costs of corrective action resulting from a petroleum release, the owner operator, that is, the "responsible person," see R.C.3737.87(N), must meet eligibility requirements set forth in R.C.3737.92(D). R.C. 3737.92(B)(1). In addition, the responsible person "shall submit a claim to the board in accordance with and containing the information required by the board in accordance with Chapter 119. of the Revised Code." R.C. 3737.92(B). Further, the corrective action performed or to be performed must be authorized by the fire marshal under R.C. 3737.882 and the rules promulgated under that statute, and the costs of performing the corrective action must be necessary to comply with the rules promulgated by the fire marshal pursuant to R.C. 3737.88 and 3737.882.
As authorized by R.C. 3737.90(B), the Board promulgated several rules governing the administration of the Fund, including Ohio Adm. Code 3737-1-07, which establishes fund eligibility for corrective action costs. Several requirements are enumerated in the regulation; however, the only provision relevant to the case before us reads, in part:
 "(1) For releases which were required to be reported to the fire marshal or a delegated authority prior to January 1, 1996, receipt, on or before January 1, 1997, of a completed application for eligibility which has been made by a responsible person; * * *."
We now turn to the stipulated facts of the present case. Appellee, RR Service, is the owner and operator of six underground storage tanks located in Sandusky County, Ohio. On August 18, 1993, appellee discovered a release from its under ground storage tanks. At the time of the release, RR Service met the eligibility criteria set forth in R.C. 3737.92(D). Nevertheless, appellee did not submit an application for Fund reimbursement benefits for corrective action costs until December 15, 1997. The director of the Fund denied RR Service's application because it was not filed by January 1, 1997.
Appellee objected to the director's determination. See R.C. 3737.92(F). Subsequently, the Board adopted the report and recommendation of the referee who conducted the adjudicatory phase affirming the determination of the director. As authorized by R.C. 3737.92(F), RR Service appealed, pursuant to R.C. 119.12, this decision to the common pleas court. RR Service argued, as it did during the administrative proceeding, that Ohio Adm. Code3737-1-07(A)(1) is in conflict with R.C. 3737.92(B) and(D) in that the administrative regulation adds an eligibility requirement not expressed in the statute.
After consideration of the parties' briefs, the trial court construed R.C. 3737.90(B)and concluded:
 "Appellee was delegated authority [under the language of the statute] to administer and implement the law, including establishing priorities for payment, not eligibility. To implement and administer the law is to carry its terms into effect, not to add to its terms."
Thus, in its January 21, 1999 judgment entry, the court found that the Board exceeded its authority in adopting Ohio Adm. Code3737-1-07(A)(1) and ordered the Board to grant RR Service "fund eligibility."
Appellee then filed a motion to be declared the pre vailing party pursuant to R.C. 2335.39. The court granted appellee's motion. Appellant appeals these judgments and asserts the following assignments of error:
 "I. Eligibility Must Be Denied To RR Service Because It Failed To File Its Eligibil ity Application Within A Limitations Period Set by An Administrative Rule Which The Board Had Authority To Enact [sic]
 And Which Must Be Given The full Force And Effect Of Law."
 "II. The Lower Court Improperly Identified RR Service As a `Prevailing Eligible Party'."
In its first assignment of error, the Board contends that the trial court's construction of R.C. 3737.90(B)(2) is incorrect, that the trial court's judgment creates a conflict between R.C. 3737.92(B) and 3737.92(D), and that Ohio Adm. Code3737-1-07(A)(1) is a procedural rule rather than a substantive[1] rule. Appellant's third argument is not relevant to the disposition of this case and shall not be addressed by this court. We shall address appellant's first and second arguments together.
R.C. 3737.92(F) expressly states that administrative appeals of decisions of the Board to a common pleas court are governed by R.C. 119.12. Pursuant to R.C. 119.12, a reviewing common pleas court is bound to uphold the administrative agency's decision "if it is supported by reliable, probative and substantial evidence and is in accordance with the law." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. Review by the court of appeals of the trial court's factual determinations is more limited. The appellate court determines only if the common pleas court abused its discretion in finding substantial, reliable and probative evidence to support the Board's decision. Id.
at 621. Nevertheless, on questions of law the court of appeals' review is plenary. Univ. Hosp. of Cincinnati College of Medicinev. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus. Here, our review involves the construction of a statute; thus our review is plenary and independent. OhioHist. Soc. v. SERB (1993), 66 Ohio St.3d 466, 471.
In the case before us, the trial court interpreted R.C.3737.90(B) as granting the Board authority, in regard to reim bursement for corrective action costs, that is limited to the adoption, amendment, and rescission of rules that "are necessary or appropriate" to establish priorities for the payment of claims under R.C. 3737.92 based upon a consideration of the date the claim is originally filed and the threat posed to human health and environment by the release of petroleum. While noting that R.C.3737.92(B) requires a responsible person seeking reimburse ment from the Fund to "submit a claim to the board in accordance with and containing the information required by the rules adopted by the board in accordance with Chapter 119. of the Revised Code," the court determined that the only time constraint is imposed by R.C. 3737.92(D), to wit, that at the time of the release, a responsible person must possess a valid certificate of coverage and must be in compliance with orders issued pursuant to R.C.3737.88 and 3737.882. The court concluded, therefore, that the Board exceeded its authority by promulgating a rule that adds a time limit as a factor for eligibility to participate in the Fund. We disagree with the court's interpretation of the statutes.
In interpreting a statute, a court must adhere to the following principles:
 "[T]he polestar of statutory interpretation is legislative intent to be determined from the words employed by the General Assembly as well as the purpose to be accomplished by the statute. State v. Elam
(1994), 68 Ohio St.3d 585, 587, 629 N.E.2d 442. Statutory words and phrases must be given their usual, normal or customary meaning unless they have ac quired a technical or particular meaning by legislative definition or otherwise. Morgan v. Ohio Adult Parole Auth. (1994), 68 Ohio St.3d 344, 346, 626 N.E.2d 939; Klemas v. Flynn (1993), 66 Ohio St.3d 249, 250, 611 N.E.2d 810. Effect must be given to words utilized; a court cannot ignore words used nor add words not included to reach a desired result. East Ohio Gas Co. v. Limbach (1991), 61 Ohio St.3d 363, 365, 575 N.E.2d 132.
 Finally, it is the duty of any court, when construing a statute, to give effect to all pronouncements and to render the statute compatible and harmonious with other related enactments or amendments, if possible. State ex rel. Mirlisena v. Hamilton Cty. Bd. of Elections (1993), 67 Ohio St.3d 597, 599, 622 N.E.2d 329." Jacobs v. Jacobs (1995), 102 Ohio App.3d 568, 572.
The plain and unambiguous language of R.C. 3737.90(B) grants the Board the broad authority to adopt, amend or rescind rules that are necessary and appropriate to implement and admin ister R.C. 3737.90 to 3737.98. The statute then provides, withoutlimitation, a list of areas, including the prioritization of claims, over which the court may exercise its rule-making powers. The phrase "without limitation" means that rule-making authority extends to the enumerated areas, but is not limited to those areas. See Ohio Historical Soc. v. State Emp. RelationsBd., 66 Ohio App.3d at 475. Thus, the Board has the power to promulgate necessary and appropriate rules to implement and administer the entire claims process. See R.C. 3737.92(B). The central issue in this case is, however, whether Ohio Adm. Code3737-1-07(A)(1) adds to, subtracts from or conflicts with the statute, specifically, with R.C. 3737.92(B) and/or (D).
Administrative rules generally cannot add to or subtract from legislation. Central Ohio Joint Vocational School Dist. Bd. ofEdn. v. Ohio Bur. of Emp. Serv. (1986), 21 Ohio St.3d 5,10; Franklin Iron Metal Corp. v. Ohio Petroleum UndergroundStorage Tank Release Compensation Bd. (1996) 117 Ohio App.3d 509,515. Further, where the rule is clearly in conflict with any statutory provision, it is invalid. Central Ohio Joint VocationalSchool Dist. Bd. of Edn. v. Ohio Bur. of Emp. Serv.,21 Ohio St.3d at 10; In re Good Samaritan Medical Ctr. (1991), 61 Ohio App.3d 437,444.
As stated previously, R.C. 3737.92(D) sets forth several conditions that must be satisfied before a responsible person iseligible to receive payment or reimbursement from the Fund. In other words, the responsible person is eligible for coverage. No time constraints are mandated under this statute. Nevertheless, R.C. 3737.92(B)(1) through(3), rather than (D), is that portion of the statute that sets forth separate criteria to be met by a responsible person seeking payment or reimbursement from the Fund. These criteria are: (1) submission of a claim in accordance with and containing the information required by the rules adopted by the Board; (2) satisfaction of the eligibility requirements of R.C. 3737.92(D); (3) authorization for the corrective action by the fire marshal under R.C. 3737.883 and the rules adopted under that section; and (4) costs of performing the corrective action are necessary to comply with the rules of the fire marshal adopted under R.C. 3737.88 and 3737.882. Thus, reading the two provisions of the statute together and harmoniz ing them, we must conclude that the legislature intended that to be "eligible[2]" for payment or reimbursement from the Fund under R.C. 3737.92(D) did not necessarily mean that a responsible person was automatically entitled to said payment or reimburse ment under R.C. 3737.92(B).
The manner in which the trial court treated this matter ignored the fact that the statute sets forth two separate sections-one governing eligibility and the other, entitlement, to payment or reimbursement from the Fund. Therefore, the lower court erred as a matter of law in finding that Ohio Adm. Code3737-1-07(A)(1) added a substantive requirement to R.C.3737.92(D).
Is the rule "necessary and appropriate" under R.C.3737.92(B)? Does it add to, subtract from or conflict with R.C.3737.92(B)? We believe that the answers to these questions are "Yes" and "No", respectively. Even though R.C. 3737.92(B) does not establish any time frame in which a responsible person must submit a claim for payment or reimbursement, unlike R.C.3737.92(D), it expressly mandates that the claim must be submitted in accordance with the adopted rules of the Board.
In VeriFone, Inc. v. Limbach (1994), 69 Ohio St.3d 699, the Ohio Supreme Court addressed the tax commissioner's authority to establish, by rule, a thirty day limit for requesting the remission of penalties on a sales tax assessment. Like R.C.3737.92(B), the controlling statute did not state any time constraints for such requests. It simply stated that "The commissioner may adopt rules providing for the remission of any penalty provided under this section." Id. at 700, quoting R.C.5739.13(C). The VeriFone court held that administrative rules promulgated pursuant to a specific grant of legislative authority are to be given the force and effect of law. Id. at 701, quotingDoyle v. Ohio Bur. of Motor Vehicles (1990), 51 Ohio St.3d 46, paragraph one of the syllabus. Here, reading R.C. 3737.90(B)(2) and R.C. 3737.92(B) in pari materia provides the Board with a specific grant of authority to promulgate a rule containing a time limitation for the submission of claims.
Moreover, Ohio Adm. 3737-1-07(A)(1) is necessary and appropriate to prevent the submission of stale or fraudulent claims and to preserve the integrity of the Fund. In Withrow, the Ohio Supreme Court noted that the provisions in the Ohio Revised Code establishing the Fund represented "the Ohio Legislature's effort to assist owners and operators [of petroleum underground storage tanks] in demonstrating financial responsibility." Id.
at 112. Indeed, R.C. 3737.90(E) imposes a duty on the responsible person to take action with respect to the release of petroleum, and R.C. 3737.92(H) makes clear that the right to payment or reimbursement under R.C. 3737.90, et seq. does not limit the liability of the responsible person.
Through a reading of these and other sections of the statute, we are of the opinion that even though the overall purpose of the act is to promote environmental health and safety by encouraging owners and operators to comply with environmental standards set by the state, the goal of financial responsibility for corrective action necessitated by a petroleum leak is equally important. The Withrow court likened the Fund to insurance. Id.
at 116. See, also, Kirwen v. Petroleum Underground Storage TankRelease Compensation Bd. (1994), 95 Ohio App.3d 323, 324. Thus, as with any motor vehicle or property insurance policy, a responsible person may be eligible, i.e., has coverage, for payment or reimbursement from the Fund, but cannot wait years to submit a claim and expect entitlement to that payment or reimbursement. Accordingly, we find that the trial court erred as a matter of law in finding that Ohio Adm. Code 3737-1-07(A)(1) was invalid. Therefore, appellant's first assignment of error is found well-taken.
Appellant's second assignment of error asserts that the trial court erred in designating RR Service the "prevailing party" under R.C. 2335.39 and R.C. 119.092. This assigned error is rendered moot, that is, RR Service cannot be considered the "prevailing party" under either statute, by our disposition of the Board's first assignment of error. Therefore, we shall not reach the merits of the Board's arguments on this issue.
Upon consideration thereof, this court finds that the trial court erred as a matter of law; therefore, the judgment of the Sandusky County Court of Common Pleas is reversed. RR Service is ordered to pay the costs of this appeal. Furthermore, this court finds that our judgment in the instant appeal is in conflict with Amoco Oil Co. v. Petroleum Underground Storage TankCompensation Release Bd. (June 30, 1999), Montgomery App. No. 17672, unreported, on the issue of whether Ohio Adm. Code3737-1-07(A)(1) is an invalid rule. Consequently, we hereby certify the record in this case to the Supreme Court of Ohio for review and final determination of the conflict presented pursuant to Section3(B)(4), Article IV, Ohio Constitution and App.R. 25.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
JUDGMENT REVERSED.
Peter M. Handwork, P.J. JUDGE, Melvin L. Resnick, J. JUDGE, AND Mark L. Pietrykowski, J.CONCUR JUDGE.
[1] The trial court held that the rule limiting the time period in which a claim could be filed was like a statute of limitations and, therefore, substantive in nature. The court used this analogy to find that Ohio Adm. Code 3737-1-07(A)(1) added an eligibility requirement to R.C. 3737.92(D). The Board determined that:
 "There is no distinction between procedural and substantive law as it relates to the operation of Ohio Administrative Code section 3737-1-07(A)(1), as the operation of this regulation describes a substantive right; it describes when an application for fund eligibility may be filed, thereby defining, in terms of time, when the right may be exercised. The determination of whether this regulation is enforceable depends upon whether the Petroleum Underground Storage Tank Release Compensation Board is empowered to promulgate such a rule under the Ohio Revised Code section 3737.90(B)(2), and if such power exists, whether the rule promulgated conflicts with the enabling statute."
We agree with the Board's analysis.
[2] "Eligible" means "qualified to be chosen" or "worthy of being chosen." Merriam Webster's Collegiate Dictionary (10th Ed. 1996) 374-375; it does not mean that you are automatically chosen.