JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Thomas J. Pokorny that granted appellant X-Technology, Inc. ("X-Tech") default judgment against appellees MJ Technologies ("MJ"), Michael Janes and Connie Ashley, but failed to award statutory treble damages under R.C. 2307.61. X-Tech fully alleged that MJ, through its agents, Janes and Ashley, defrauded it by passing bad checks, a criminal act, and asserts it is entitled to more than just its compensatory damages. We reverse the damage award as to Ashley only and remand.
{¶ 2} X-Tech, with offices in Warrensville Heights, is a computer components and electronics supplier doing business through an internet website. Janes, dba MJ Technologies, purportedly located in Sobieski, Wisconsin, ordered some personal computer components from X-Tech and tendered payment by checks dated September 24, 1999 for $970, signed by Ashley, and dated October 8, 1999 for $3,024, signed by Janes. Both of these checks were dishonored upon presentment by the payor bank because the account the checks were drawn on had been closed.
{¶ 3} X-Tech gave timely notices of dishonor and demand for payment under R.C. 2307.61, but the checks were not made good, and no plan to correct the situation was agreed upon. X-Tech filed suit to recover these amounts and also alleged $300 in damages as a result of lost profits on other items ordered by, and shipped to, MJ and subsequently returned. It claimed that the failure of MJ, through its agents, to satisfy its debt was the result of a theft offense of intentionally writing bad checks as supposed payment for goods, in violation of R.C.2913.11, and sought relief under R.C. 2307.61, including statutory treble damages, attorneys fees, and administrative costs of collecting on the judgment sought.
{¶ 4} Following service of the complaint on all defendants and the failure of each to answer or otherwise respond, X-Tech sought judgment by default on its claims. The resulting journal entry indicated a hearing was held, although apparently no record was made, and X-Tech was granted a default judgment and awarded:
 {¶ 5} * against MJ and Ashley, in the amount of $970, plus ten percent interest from date of judgment, plus attorney's fees in the amount of $485, on its claims as to the check signed by Ashley;
 {¶ 6} * against MJ and Janes, in the amount of $3024, plus ten percent interest from date of judgment, plus attorney's fees in the amount of $1512, on its claims as to the check signed by Janes;
 {¶ 7} * against MJ alone, in the amount of $300, plus ten percent interest from date of judgment, plus attorney's fees in the amount of $150, on its claims against MJ for lost profits;
{¶ 8} for an aggregate judgment of $4294 in compensatory damages, plus interest and $2147 in attorney's fees. The journal entry did not address the issues of X-Tech's entitlement to treble damages, costs or other administrative costs of judgment enforcement.
{¶ 9} X-Tech appealed and, at oral argument, advised this court it had just received a notice from the United States Bankruptcy Court for the Eastern District of Wisconsin that Michael D. Janes, fdba MJ Technologies, and his wife, Charmayne, had filed a Chapter 7 bankruptcy case and provided a copy of the notice it had received as a potential creditor. Section 362, Title 11, U.S. Code imposes an automatic stay of proceedings to recover a claim against a debtor, which precludes X-Tech from pursuing its appeal against Janes and his business entity, but not against Ashley. The oral argument, therefore, addressed the assignments of error affecting Ashley.
{¶ 10} This appeal was filed August 21, 2001, and if we stay our decision pending resolution in the bankruptcy court, we will exceed the time limit for issuing our decision imposed by Sup.R. 39. Under the circumstances, we dismiss, sua sponte, X-Tech's appeal as to Janes and MJ only, granting express permission to X-Tech to file a delayed appeal against Janes and MJ, should conditions dictate, and render a decision as to Ashley only.
{¶ 11} X-Tech appeals in one assignment of error:[1]
 {¶ 12} THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD STATUTORY MANDATED TREBLE DAMAGES.
{¶ 13} X-Tech asks us to find that R.C. 2307.61 requires a judge, as a matter of law, to award it treble damages because Ashley, as an agent of MJ, had deprived it of property through the theft offense of writing a bad check. Our standard of review is de novo because interpretation of a statute is a question of law.[2] "The polestar of statutory interpretation is legislative intent to be determined from the words employed by the General Assembly as well as the purpose to be accomplished by the statute."[3] Effect must be given to words utilized; a court cannot ignore words used nor add words not included to reach a desired result.[4]
{¶ 14} R.C. 2907.61 creates a civil action for the recovery of damages from one whose person or property has been damaged by the criminal acts of others, as follows:
 {¶ 15} Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.
{¶ 16} According to R.C. 2307.61(A),
 {¶ 17} If a property owner brings a civil action pursuant to section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property, the property owner may recover as follows:
 {¶ 18} (1) In the civil action, the property owner may elect to recover moneys as described in division (A)(1)(a) or (b) of this section:
{¶ 19} (a) Compensatory damages * * *
 {¶ 20} (b) Liquidated damages in whichever of the following amounts is greater:
{¶ 21} (i) Two hundred dollars;
 {¶ 22} (ii) Three times the value of the property at the time it was willfully damaged or was the subject of a theft offense, irrespective of whether the property is recovered by way of replevin or otherwise, is destroyed or otherwise damaged, is modified or otherwise altered, or is resalable at its full market price * * *.
 {¶ 23} (2) In a civil action in which the value of the property that was willfully damaged or was the subject of a theft offense is less than five thousand dollars, the property owner may recover damages as described in division (A)(1)(a) or (b) of this section and additionally may recover the reasonable administrative costs, if any, of the property owner that were incurred in connection with actions taken pursuant to division (A)(2) of this section, the cost of maintaining the civil action, and reasonable attorney's fees. if all of the following apply:
 {¶ 24} (a) The property owner, at least thirty days prior to the filing of the civil action, serves a written demand for payment of moneys as described in division (A)(1)(a) of this section and the reasonable administrative costs, if any, of the property owner that have been incurred in connection with actions taken pursuant to division (A)(2) of this section, upon the person who willfully damaged the property or committed the theft offense.
 {¶ 25} (b) The demand conforms to the requirements of division (C) of this section and is sent by certified mail, return receipt requested.
 {¶ 26} (c) Either the person who willfully damaged the property or committed the theft offense does not make payment to the property owner of the amount specified in the demand within thirty days after the date of its service upon that person and does not enter into an agreement with the property owner during that thirty-day period for that payment or the person who willfully damaged the property or committed the theft offense enters into an agreement with the property owner during that thirty-day period for that payment but does not make that payment in accordance with the agreement.
{¶ 27} Accordingly, it is apparent from the face of R.C.2307.61(A)(1) that a party suing under this section may "elect" his remedy from among the options provided in R.C. 2307.61(A)(1)(a) and (A)(1)(b); upon proof of the fact that he has been damaged through a criminal act and that he has complied with the notice provisions contained in R.C. 2307.61(A)(2), he becomes entitled to the remedy chosen.[5]
{¶ 28} A "theft offense," defined by R.C. 2913.01, includes passing bad checks in violation of R.C. 2913.11. "Passing bad checks," as an offense, is defined, in relevant part, as follows:
 {¶ 29} (A) No person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored.
 {¶ 30} (B) For purposes of this section, a person who issues or transfers a check or other negotiable instrument is presumed to know that it will be dishonored if either of the following occurs:
 {¶ 31} (1) The drawer had no account with the drawee at the time of issue or the stated date, whichever is later;
 {¶ 32} (2) The check or other negotiable instrument was properly refused payment for insufficient funds upon presentment within thirty days after issue or the stated date, whichever is later, and the liability of the drawer, indorser, or any party who may be liable thereon is not discharged by payment or satisfaction within ten days after receiving notice of dishonor.[6]
{¶ 33} While a judge has discretion to require a party seeking default judgment to substantiate its claims with evidence prior to entering judgment,[7] in general, the failure of a party to appear and answer or otherwise defend the allegations against it operates as a concession of the truth of the facts contained in the moving party's pleading for relief.
 {¶ 34} Default, under both pre-Civil Rule decisions and under Civ.R. 55(A), is a clearly defined concept. A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading. * * * "A default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or `confessed' by the omission of statements refuting the plaintiff's claims. * * *" It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or "otherwise defend[ing]" that a default arises. This rule applies to original claims as well as to counterclaims * * *, and is logically consistent with the general rule of pleading contained in Civ.R. 8(D), which reads in part that "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading."[8]
{¶ 35} X-Tech's complaint alleged that, with no intention to either pay for or return the goods, MJ, through Ashley, its agent who endorsed the check, conspired to defraud X-Tech by issuing the check to induce it to deliver ordered and future items. It also alleged that it had complied with the notice provisions of R.C. 2307.61(A)(2) prior to filing suit.[9] Within the record are documents that evidence X-Tech's shipment of its goods, dishonored check and written demand for payment which, presumably, were presented at the hearing on the default judgment. Although a transcript of the hearing would enable the parties and a reviewing court to ascertain the propriety of the proceeding, the judge apparently accepted X-Tech's allegations as true, but awarded only compensatory damages with no explanation as to why he deemed X-Tech's election for liquidated damages unsupported.
{¶ 36} Consequently, X-Tech, on the current state of the record, was entitled to treble compensatory damages for the losses it established were caused by Ashley. While X-Tech prayed for relief in the form of compensatory damages plus treble damages under R.C. 2307.61(A)(1)(b)(ii), that section provides that treble damages plus attorney fees and costs are the measure of relief provided for by statute, and does not authorize a separate or additional award of compensatory damages.
{¶ 37} We reverse that portion of the judgment awarding damages against Ashley and remand for further proceedings consistent with this opinion. This assignment of error has merit.
{¶ 38} Sua sponte, we dismiss defendants MJ and Janes pending the resolution of their Chapter 7 Bankruptcy filing.
Judgment reversed in part as to Ashley and remanded.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND ANN DYKE, J., CONCUR.
[1] Please note that X-Tech argues, as a second assignment of error, that we should enter judgment in the amount it claims is justified; this assignment does not set forth a claim of error, but instead requests a specific type of relief, and so we do not discuss it as a separate error but consider it in our disposition of this appeal.
[2] Zimmer v. Zimmer (Feb. 27, 2001), Franklin App. No. 00AP-383.
[3] State v. Elam (1994), 68 Ohio St.3d 585, 587, 629 N.E.2d 442.
[4] East Ohio Gas Co. v. Limbach (1991), 61 Ohio St.3d 363, 365,575 N.E.2d 132.
[5] We do acknowledge that prior case law has held that recovery of treble damages under R.C. 2307.61 to be a discretionary determination made by the finder of fact. See Andersons v. Riley (Sept. 29, 1992), Pickaway App. No. 92 CA 4; Fulmer Supermarkets v. Whitfield (Jan. 5, 1988), Montgomery App. No. 10397; Stumps Enterprises, Inc. v. Loveless
(Dec. 18, 1997), Montgomery App. No. 10449. These decisions, however, made that determination under a prior version of R.C. 2307.61 which did not give a claimant the option of "electing" a particular damage remedy, but instead merely provided that a claimant may recover compensatory damages and "additionally may recover exemplary damages, equal to one hundred dollars, or twice recovered in an action * * *."
[6] R.C. 2913.11.
[7] See Mancino v. Third Federal Savings Loan (Oct. 28, 1999), Cuyahoga App. No. 75063, and Civ.R. 55.
[8] Ohio Valley Radiological Associates, Inc. v. Ohio Valley HospitalAssociation (1986), 28 Ohio St.3d 118, 121, 502 N.E.2d 599, 602.
[9] It has been held that, in order to qualify for treble damages under R.C. 2307.61(A)(1)(b), a claimant must comply with the notice provisions of R.C. 2307.61(C), through R.C. 2307.61(A)(2). See Buckeye CheckCashing, Inc. v. Proctor (June 15, 1999), Franklin App. No. 98AP-1103.